J. Justin May, ISB: 5818
Katherine R. Sliman, ISB: 11979
JOHNSON MAY
199 N. Capitol Blvd., Ste 200
Boise, ID 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: jjm@johnsonmaylaw.com
　　　　krs@johnsonmaylaw.com

Attorneys for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>LISA CHRISTINE BURTON,<br><br>　　　　Debtor. | Case No. 23-40206-NGH<br><br>Chapter 11 |

**<u>LISA CHRISTINE BURTON'S CHAPTER 11 PLAN</u>**

**<u>DATED May 2, 2024</u>**

**CHAPTER 11 PLAN DEFINITIONS**

**DEFINED TERMS AND RULES OF INTERPRETATION**

A.　　**DEFINED TERMS**

　　　　1.　　<u>Administrative Claim</u>:  A Claim for costs and expenses of administration pursuant to sections 503(b), 507(a)(2), 507(b), or 1114(e)(2) of the Bankruptcy Code, including:  (a) the actual and necessary costs and expenses incurred after the Petition Date of preserving the Estate and operating the business of Debtor; (b) Allowed Professional Claims; and (c) all fees and charges assessed against the Estate pursuant to 28 U.S.C. § 1930.  Notwithstanding anything to the contrary herein, the filing of an Administrative Claim shall not be required in order to receive payment for any tax liability described in sections 503(b)(1)(B) and (C) in accordance with section 503(b)(1)(D) of the Bankruptcy Code or arising from the sale of assets under the Plan.

LISA CHRISTINE BURTON'S CHAPTER 11 PLAN – PAGE 1

2. <u>Administrative Claim Bar Date</u>: The deadline for filing requests for payment of Administrative Claims, which shall be 30 days after the Effective Date, unless otherwise ordered by the Bankruptcy Court, except with respect to Professional Claims, which shall be subject to the provisions of 28 USC §§ 327 and 328.

3. <u>Affiliate</u>: As defined in section 101(2) of the Bankruptcy Code and as pertains to Debtor, as applicable.

4. <u>Allowed</u>: Except as otherwise provided herein: (a) a Claim or Interest that is (i) listed in the Schedules as of the Effective Date as not disputed, not contingent, and not liquidated, or (ii) evidenced by a valid Proof of Claim, filed by the applicable Bar Date and as to which Debtor or other parties in interest have not filed an objection to the allowance thereof within the applicable period of time fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, (b) a Claim that is Allowed pursuant to the Plan or any stipulation approved by, or Final Order of, the Bankruptcy Court, or (c) a Claim for any tax arising on or after the Petition Date, including but not limited to a Claim that is allowed pursuant to 11 U.S.C. §503(b)(1)(B) and (C), notwithstanding whether a Proof of Claim is filed.

5. <u>Bankruptcy Code</u>: Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as may be amended from time to time.

6. <u>Bankruptcy Court</u>: The United States Bankruptcy Court for the District of Idaho having jurisdiction over the Chapter 11 Case and, to the extent of the withdrawal of any reference under section 157 of title 28 of the United States Code and/or order of a district court pursuant to section 157(a) of title 28 of the United States Code, the United States District Court for the District of Idaho.

7. <u>Bankruptcy Rules</u>: The Federal Rules of Bankruptcy Procedure as applicable to the Chapter 11 Case, and the general, local, and chambers rules of the Bankruptcy Court.

8. <u>Bar Date</u>: Such other period of limitation as may be specifically fixed by an order of the Bankruptcy Court for filing Claims.

9. <u>Business Day</u>: Any day, other than a Saturday, Sunday or a legal holiday, as defined in Bankruptcy Rule 9006(a).

10. <u>Cash</u>: The legal tender of the United States of America or the equivalent thereof, including bank deposits and checks.

11. <u>Causes of Action</u>: Any and all Claims, actions, causes of action, choses in action, suits, debts, damages, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, remedies, rights of set-off, third-party claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, counterclaims, and

LISA CHRISTINE BURTON'S CHAPTER 11 PLAN – PAGE 2

cross-claims (including all claims and any avoidance, recovery, subordination, or other actions against Insiders and/or any other Entities under the Bankruptcy Code, including avoidance actions) of Debtor, Debtor in Possession, and/or the Estate, whether known or unknown, liquidated or not liquidated, fixed or contingent, matured or not matured, disputed or undisputed, that are or may be pending on the Effective Date or instituted by the Debtor after the Effective Date against any Entity, based in law or equity, including under the Bankruptcy Code, whether direct, indirect, derivative or otherwise and whether asserted or unasserted as of the date of entry of the Confirmation Order.

12. <u>Certificate</u>: Any instrument evidencing a Claim or an Interest.

13. <u>Chapter 11 Case</u>: The Chapter 11 case commenced by Debtor that is currently pending before the Bankruptcy Court.

14. <u>Claim</u>: As defined in section 101(5) of the Bankruptcy Code.

15. <u>Claims Register</u>: The official register of Claims and Interests maintained by the Bankruptcy Court.

16. <u>Class</u>: A category of holders of Claims or Interests pursuant to section 1122(a) or (b) of the Bankruptcy Code.

17. <u>Confirmation</u>: The entry of the Confirmation Order on the docket of the Chapter 11 Case, subject to all conditions specified having been satisfied or waived.

18. <u>Confirmation Date</u>: The date upon which the Bankruptcy Court enters the Confirmation Order on the docket of the Chapter 11 Case, within the meaning of Bankruptcy Rules 5003 and 9021.

19. <u>Confirmation Hearing</u>: The hearing before the Bankruptcy Court pursuant to section 1128 of the Bankruptcy Code.

20. <u>Confirmation Order</u>: The order of the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

21. <u>Consummation</u>: The occurrence of the Effective Date.

22. <u>Creditor</u>: As defined in section 101(10) of the Bankruptcy Code.

23. <u>Creditors' Committee</u>: Any official committee of unsecured creditors appointed pursuant to section 1102 of the Bankruptcy Code by the United States Trustee for the District of Idaho, as it may be reconstituted from time to time.

24. <u>Cure</u>: A Claim for all unpaid monetary obligations, or such lesser amount as may be agreed upon by the parties, under an Executory Contract or Unexpired Lease assumed by Debtor pursuant to section 365 of the Bankruptcy Code or the Plan.

LISA CHRISTINE BURTON'S CHAPTER 11 PLAN – PAGE 3

25. <u>Cure Bar Date</u>: The deadline for filing Proofs of Claims on account of a Cure, which shall be the earlier of: (a) 30 days after the Effective Date, or (b) 30 days after the assumption of the applicable Executory Contract or Unexpired Lease, unless otherwise ordered by the Bankruptcy Court or agreed to by Debtor and the counterparty to the applicable Executory Contract or Unexpired Lease.

26. <u>Debtor</u>: Lisa Christine Burton.

27. <u>Disclosure Statement</u>: The disclosure statement for the Plan, supplemented or modified from time to time, including all exhibits and schedules thereto, and as approved by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code.

28. <u>Disputed Claim</u>: Any Claim or Interest that is not yet Allowed.

29. <u>Distribution Agent</u>: The Debtor or the Entity or Entities selected by the Debtor, as applicable, to make or to facilitate distributions pursuant to the Plan.

30. <u>Distribution Date</u>: The date occurring as soon as Debtor determines in her sole discretion to be reasonable and practicable after the Effective Date, upon which the Distribution Agent shall begin making distributions to holders of Allowed Claims entitled to receive distributions under the Plan.

31. <u>Distribution Record Date</u>: The date for determining which holders of Allowed Claims or Interests are eligible to receive distributions hereunder, which shall be (a) ten Business Days after entry of the Confirmation Order, or (b) such other date as designated in a Bankruptcy Court order.

32. <u>Effective Date</u>: The date that is the first Business Day after the Confirmation Date on which: (a) no stay of the Confirmation Order is in effect; and (b) all conditions precedent to the Effective Date have been satisfied or waived.

33. <u>Entity</u>: As defined in section 101(15) of the Bankruptcy Code.

34. <u>Estate</u>: The bankruptcy estate of Debtor created pursuant to sections 301 and/or 541 of the Bankruptcy Code upon the commencement of the Chapter 11 Case.

35. <u>Executory Contract</u>: A contract or lease to which the Debtor is a party that is subject to assumption or rejection under sections 365 or 1123 of the Bankruptcy Code.

36. <u>Final Decree</u>: The decree contemplated under Bankruptcy Rule 3022.

37. <u>Final Order</u>: An order or judgment of the Bankruptcy Court, or other court of competent jurisdiction with respect to the subject matter, which has not been reversed, stayed, modified or amended, and as to which the time to appeal or seek certiorari has expired and no appeal or petition for certiorari has been timely taken, or as to which any

appeal that has been taken or any petition for certiorari that has been or may be filed has been resolved by the highest court to which the order or judgment was appealed or from which certiorari was sought; provided, however, that the possibility that a motion under Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules or the Local Bankruptcy Rules, may be filed relating to such order shall not prevent such order from being a Final Order; provided, further, that Debtor reserves the right to waive any appeal period.

38.     General Unsecured Claim:  Any Claim, other than Administrative Claims, Professional Claims, Priority Tax Claims, Secured Tax Claims, Other Secured Claims, Other Priority Claims, and Section 510(b) Claims.

39.     Governmental Unit:  As defined in section 101(27) of the Bankruptcy Code.

40.     Impaired:  With respect to any Class of Claims or Interests, a Claim or Interest that is not Unimpaired.

41.     Insider:  As defined in section 101(31) of the Bankruptcy Code.

42.     IRS:  Internal Revenue Service.

43.     Lien:  As defined in section 101(37) of the Bankruptcy Code.

44.     Other Priority Claim:  Any Claim other than an Administrative Claim or a Priority Tax Claim entitled to priority in right of payment under section 507(a) of the Bankruptcy Code.

45.     Other Secured Claim:  Any Secured Claim other than a Secured Tax Claim.

46.     Periodic Distribution Date:  The Distribution Date, as to the first distribution made by the Distribution Agent, and thereafter, such Business Days as determined in the sole discretion of the Distribution Agent.

47.     Person:  As defined in section 101(41) of the Bankruptcy Code.

48.     Petition Date:  The date the petition in this Bankruptcy Case was initially filed.

49.     Plan:  Debtor's chapter 11 plan as it may be altered, amended, modified or supplemented from time to time in accordance with the terms set forth herein, including all exhibits, supplements, appendices, and schedules.

50.     Priority Claim:  Collectively, Priority Tax Claims and Other Priority Claims.

51. <u>Priority Tax Claim</u>: Any Claim of a Governmental Unit of the kind specified in section 507(a)(8) of the Bankruptcy Code.

52. <u>Professional</u>: An Entity: (a) employed in the Chapter 11 Case pursuant to a Final Order in accordance with sections 327 and 1103 of the Bankruptcy Code and to be compensated for services rendered prior to or on the Effective Date, pursuant to sections 327, 328, 329, 330, and 331 of the Bankruptcy Code, or (b) for which compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

53. <u>Professional Claims</u>: A Claim by a Professional seeking an award by the Bankruptcy Court of compensation for services rendered or reimbursement of expenses incurred through and including the Confirmation Date under sections 330, 331, 503(b)(2), 503(b)(3), 503(b)(4) or 503(b)(5) of the Bankruptcy Code.

54. <u>Professional Compensation</u>: All accrued fees and expenses (including success fees) for services rendered by all Professionals through and including the Confirmation Date to the extent any such fees and expenses have not been paid and regardless of whether a fee application has been filed for such fees and expenses. To the extent there is a Final Order denying some or all of a Professional's fees or expenses, such denied amounts shall no longer be considered Professional Compensation.

55. <u>Proof of Claim</u>: A proof of Claim filed against Debtor in the Chapter 11 Case.

56. <u>Pro Rata</u>: The proportion that an Allowed Claim or Interest in a particular Class bears to the aggregate amount of Allowed Claims or Interests in that Class.

57. <u>Schedules</u>: The schedules of assets and liabilities, schedules of Executory Contracts and Unexpired Leases, and statements of financial affairs filed by Debtor pursuant to section 521 of the Bankruptcy Code and the Bankruptcy Rules.

58. <u>Secured Claim</u>: A Claim: (a) secured by a Lien on collateral to the extent of the value of such collateral, as determined in accordance with section 506(a) of the Bankruptcy Code, or (b) subject to a valid right of setoff pursuant to section 553 of the Bankruptcy Code.

59. <u>Secured Tax Claim</u>: Any Secured Claim that, absent its secured status, would be entitled to priority in right of payment under section 507(a)(8) of the Bankruptcy Code (determined irrespective of time limitations), including any related Secured Claim for penalties.

60. <u>Servicer</u>: An indenture trustee, agent, servicer or other authorized representative of holders of Claims or Interests recognized by Debtor.

61. <u>Unclaimed Distribution</u>: Any distribution under the Plan on account of an Allowed Claim to a holder that has not: (a) accepted a particular distribution or, in the case of distributions made by check, negotiated such check; (b) given notice to the Debtor of an intent to accept a particular distribution; (c) responded to Debtor's requests for information necessary to facilitate a particular distribution; or (d) taken any other action necessary to facilitate such distribution.

62. <u>Unexpired Lease</u>: A lease of nonresidential real property to which Debtor is a party that is subject to assumption or rejection under section 365 of the Bankruptcy Code.

63. <u>Unimpaired</u>: With respect to a Class of Claims or Interests, a Class of Claims or Interests that is unimpaired within the meaning of section 1124 of the Bankruptcy Code.

64. <u>Voting Deadline</u>: The date that shall be the final date by which a holder of a Claim or Interest may vote to accept or reject the Plan, which date is set forth after the Bankruptcy Court approves the Disclosure Statement.

65. <u>Voting Record Date</u>: That date for determining which holders of Claims and Interests are entitled to vote to accept or reject the Plan, which date will be set forth after the Bankruptcy Court approves the Disclosure Statement.

**B.    RULES OF INTERPRETATION**

1. For purposes of the Plan: (a) in the appropriate context, each term, whether stated in the singular or the plural, shall include both the singular and the plural, and pronouns stated in the masculine, feminine, or neuter gender shall include the masculine, feminine, and the neuter gender; (b) unless otherwise specified, any reference herein to a contract, lease, instrument, release, indenture or other agreement or document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (c) unless otherwise specified, any reference herein to an existing document, schedule, or exhibit, shall mean such document, schedule or exhibit, as it may have been or may be amended, modified or supplemented; (d) unless otherwise specified, all references herein to "Articles" are references to Articles hereof or hereto; (e) the words "herein," "hereof," and "hereto" refer to the Plan in its entirety rather than to any particular portion of the Plan; (f) captions and headings to Articles are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan; (g) unless otherwise specified herein, the rules of construction set forth in section 102 of the Bankruptcy Code shall apply; and (h) any term used in capitalized form herein that is not otherwise defined but that is used in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning assigned to such term in the Bankruptcy Code or the Bankruptcy Rules, as applicable.

2. The provisions of Bankruptcy Rule 9006(a) shall apply in computing any period of time prescribed or allowed herein.

LISA CHRISTINE BURTON'S CHAPTER 11 PLAN – PAGE 7

3. Except to the extent the Bankruptcy Code or Bankruptcy Rules apply, and subject to the provisions of any contract, lease, instrument, release, indenture or other agreement or document entered into expressly in connection herewith, the rights and obligations arising hereunder shall be governed by, and construed and enforced in accordance with, the laws of the State of Idaho, without giving effect to the principles of conflict of laws thereof.

## ARTICLE I
## SUMMARY

As required by the Bankruptcy Code under § 1123(a)(1), this Plan places Claims and Equity Interests in various classes and describes the treatment each class will receive. This Plan also states whether each class of Claims or Equity Interests is impaired or unimpaired. If this Plan is confirmed, each Creditor's recovery is limited to the amount provided in this Plan.

Only Creditors in classes that are impaired may vote on whether to accept or reject this Plan, and only Creditors holding Allowed Claims may vote. A class that is not impaired is deemed to accept this Plan.

The Bankruptcy Court has been asked to approve the Disclosure Statement. If the Bankruptcy Court approves the Disclosure Statement, notice of such approval will be mailed to you prior to the Confirmation Hearing. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 2.01 | Class 1. | All Allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)). |
| 2.02 | Class 2. | The Priority Claim of Department of Treasury –Internal Revenue Services (Claim No. 7). |
| 2.03 | Class 3. | The Priority Claim of Idaho Tax Commission (Claim No. 3) |
| 2.04 | Class 4. | The Secured Claim of U.S. Bank National Association (Claim No. 2) and the Secured Claim of Bank of America, N.A. (Claim No. 4). Both of these claims are secured by real estate located at 117 E. 400 N., Jerome, ID 83338. |
| 2.05 | Class 5. | The General Unsecured Claims holding allowed claims that are not specifically described herein or otherwise classified in other classes. |
| 2.06 | Class 6. | The unliquidated claim of Hillary Tillotson, individually and on behalf of S.M., a minor (Claim No. 6). This claim is based on a |

LISA CHRISTINE BURTON'S CHAPTER 11 PLAN – PAGE 8

pending civil personal injury/intentional tort case in Jerome County, Case No. CV27-23-0096.

2.07   Class 7.       The interests of Debtor in property of the Estate.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

3.01   Unclassified Claims.  Under section §1123(a)(1), Administrative Claims and Priority Tax Claims are not in classes.

3.02   Administrative Claims.  Each holder of an Allowed Administrative Claim will be paid in full on the Effective Date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and Debtor.  Administrative Claims include claims for payment of professional fees, which shall be paid upon approval and order of the Court.

3.03   Priority Tax Claims.  Each holder of a Priority Tax Claim will be paid as outlined in the Plan for classes 2 and 3, or upon such other terms as may be agreed upon by the holder of the claim and Debtor.

3.04   United States Trustee Fees.  All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any unpaid U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01   Claims and interests shall be treated as follows under this Plan:

**Class 1 – Priority Claims**.  Creditors in this class shall receive a payment on their claims within thirty (30) days of the Effective Date of the Plan.  At present, the Debtor does not believe there are any creditors in this class.

**Class 2 – Department of Treasury – Internal Revenue Service (Priority)**.  This class is *Unimpaired*.  The allowed amount of this claim shall be paid in full from the net proceeds of the liquidation of Estate assets including real and personal property.  This will be accomplished via a Section 363 Motion and Sale.

**Class 3 – Idaho State Tax Commission (Priority)**.  This class is *Unimpaired*.  The allowed amount of this claim shall be paid in full from the net proceeds of the liquidation of Estate assets including real and personal property.  This will be accomplished via a Section 363 Motion and Sale.

**Class 4 – U.S. Bank National Association and Bank of America, N.A. – secured claims.**  This class is *Unimpaired*.  The Debtor shall continue the pre-petition contractual payments to U.S. Bank and to Bank of America until these claims are paid in full.

LISA CHRISTINE BURTON'S CHAPTER 11 PLAN – PAGE 9

**Class 5 – General Unsecured Claims**. This class is *Unimpaired*. The allowed amount of these claims shall be paid in full from the net proceeds of the liquidation of Estate assets including real and personal property. This will be accomplished via a Section 363 Motion and Sale.

**Class 6 – The unliquidated claim of Hillary Tillotson, individually and on behalf of S.M., a minor**. This class is *Unimpaired*. This is a Disputed Claim. On or before the Claims Objection Date, Debtor shall file an objection to the Tillotson claim. On or before thirty (30) days from the Effective Date, Debtor shall file for divorce from Larry Burton. The allowed portion of this claim, if any, shall be paid from the net proceeds from the liquidation of Estate assets including real and personal property to the extent of Larry Burton's community property interest.

The Debtor reserves the right to prepay any claims in any class.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**In the event an amended schedule is filed by the Debtor changing a creditor's claim to be disputed, contingent or unliquidated (such that a creditor is required to file a Proof of Claim to be allowed), said Proof of Claim must be filed within thirty (30) days of confirmation in order to be considered an allowed claim, but still may be subject to a claim objection procedure.**

5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims. Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.04    Payment of Disputed Claims. Upon the Effective Date, in the event there remain outstanding Disputed Claims, the Distribution Agent shall withhold any funds that would otherwise have been paid on the Disputed Claims, until a final non-appealable order is entered, adjudicating those Claims. Said funds shall be held in an interest-bearing account pending distribution pursuant to this paragraph. At the time a final non-appealable order is entered and in the event the Disputed Claims are Allowed, the plan payments shall then be made to the Disputed Claim holder (with any accrued amounts paid immediately). In the event the Disputed Claims are not allowed, the withheld funds shall then be distributed to other members of the class from which the Disputed Claim arose, on a pro rata basis. In the event there are no other members in that class, the withheld funds shall be distributed on a pro rata basis to members of the next-in-order class, on a pro rata basis.

# ARTICLE VI
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 <u>Assumed Executory Contracts and Unexpired Leases</u>.

(a) Debtor assumes the following executory contracts and/or unexpired leases:

| Name of Other Parties to Lease or Contract | Description of Contract or Lease |
|---|---|
| Jose Alfred Acencio Ramirez and Gabriel Navarro Quintero | Residential Lease Agreement (113 E 400 N) |

(b) Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the Effective Date of this Plan. <u>A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than fourteen (14) days after the date of the order confirming this Plan</u>.

# ARTICLE VII
# MEANS FOR IMPLEMENTATION OF THE PLAN

Debtor anticipates the allowed amount of claims shall be paid in full from the net proceeds of the liquidation of Estate assets including real and personal property. This will be accomplished via a Section 363 Motion and Sale which will be filed by the Debtor.

# ARTICLE VIII
# GENERAL PROVISIONS

8.01 <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02 <u>Effective Date of Plan</u>. It is anticipated that the Effective Date of this Plan will be the first business day following the expiration of the automatic stay imposed by Fed. R. Bankr. Proc. 3020(e) (i.e., fourteen days after the entry of the order of confirmation). If a further stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03 <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

LISA CHRISTINE BURTON'S CHAPTER 11 PLAN – PAGE 11

8.05　Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06　Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Idaho govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07　Prepayment of Claims.  Debtor reserves the right to prepay any or all of the claims and/or classes hereinabove set forth, without penalty of any kind.

## ARTICLE IX
## DISCHARGE

9.01　Discharge.  Because the Debtor anticipates a 100% payment to all creditors, the Debtor is not seeking a discharge of debts in this Plan.

## ARTICLE X
## OTHER PROVISIONS

10.01　Retention of Jurisdiction.  The Court will retain jurisdiction under this Plan until this Plan has been fully consummated, including but not limited to the following purposes:

A.　Classification of the claim of any creditor and the re-examination of the claims that have been allowed for the purposes of voting and the determination of such objections as may be filed to the creditor's claims.  The failure by Debtor to object or examine any claim for the purposes of voting shall not be deemed a waiver of Debtor's right to object to allowance thereafter.

B.　Determination of all core proceedings.

C.　The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in this Plan or order of confirmation as may be necessary to carry out the purposes and intent of this Plan.

D.　The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code.

E.　To enforce and interpret the terms and conditions of this Plan.

F.　Entry of any order, including injunctions, necessary to enforce the title, rights, and powers of Debtor and to impose such limitations, restrictions, terms, and conditions as this Court may deem necessary.

G.　Entry of all necessary orders, judgments, and decrees.

H.　Entry of an order concluding and terminating this case.

LISA CHRISTINE BURTON'S CHAPTER 11 PLAN – PAGE 12

10.02    Appointment of Disbursing Agent.  The Debtor shall be the Disbursing Agent for the Estate.

10.03    Lien Retention.  Unless otherwise provided herein, all allowed secured creditors as set forth in this Plan shall retain their liens (if any) to the same extent and priority until their allowed secured claims are paid or the property is surrendered as provided for in this Plan.  At that time, such creditors shall release their lien rights by filing appropriate documents with the Idaho Secretary of State, releasing any valid UCC filings.  Except as modified by this Plan or the court, all documents and instruments with respect to any secured creditor shall remain in force.

10.04    Sale of Property.  Except as specifically outlined herein, at any time during the term of this Plan, Debtor may sell property when Debtor deems the sale expedient.

10.05    Retention of Property.   The Debtor shall retain the property of the estate as necessary to fund their Plan.  In the event liquidation of property is necessary, the Debtor shall have full authority to determine the method and order of liquidation of property.

10.06    Execution of the Plan.  The Debtor shall retain all property of the estate except as hereinabove set forth and Debtor shall adhere to the payment schedules described within this Plan except however Debtor has retained the right to prepay any required plan payments at any time during the plan.

10.07    Post-filing Indebtedness.  No post-filing indebtedness, other than what has been set forth in this Plan, has been incurred by Debtor which indebtedness is in arrears or is not current.  The Debtor does not anticipate seeking any post-petition financing.

10.08    Adversary Proceedings.   Debtor reserves the right to begin or continue any adversary proceedings permitted under Title 11 of the United States Code.

## ARTICLE XII
## DEFAULT ON TAX OBLIGATIONS

It is understood and agreed by the Debtor and the Internal Revenue Service and Idaho State Tax Commission that any satisfaction, release and discharge granted at the Effective Date be and same is modified as to the tax debt of the Internal Revenue Service and Idaho State Tax Commission provided for in this Plan, and satisfaction of any tax debt of the Internal Revenue Service and Idaho State Tax Commission under this Plan shall not be effective until all taxes owed to the Internal Revenue Service or the Idaho State Tax Commission provided for under this Plan have been paid in full.

If the Debtor fails to make any deposit of any currently accruing employment tax liability or fails to make payment of any tax or of any payment due under the Plan to the Internal Revenue Service or Idaho State Tax Commission within thirty (30) days of the due date of such deposit or payment, or fails to file any required tax return within thirty (30) days of the due date of such return, then the Internal Revenue Service or Idaho State Tax Commission shall send a written Notice of Default to the Debtor and her counsel of record.  Failure by the Internal Revenue Service or Idaho State Tax Commission to send a Notice of Default does not constitute a waiver by the Internal Revenue Service or Idaho State Tax Commission of the right to declare that the Debtor is

LISA CHRISTINE BURTON'S CHAPTER 11 PLAN – PAGE 13

in default. If the Internal Revenue Service or Idaho State Tax Commission declares the Debtor to be in default, and such default is valid and uncured for a period of fourteen (14) days after receipt of the Notice of Default, then the entire amount in default, together with any unpaid current liabilities, shall be due and payable immediately upon written demand to the Debtor. If the default is not cured within fourteen (14) days of such demand, or other arrangement agreed in writing, then the Internal Revenue Service or Idaho State Tax Commission may collect any unpaid liabilities through the administrative collection provisions of the appropriate tax code and the injunction under the Plan shall be lifted for this purpose without further order of the Court. The Debtor shall be liable for such unpaid liabilities as if no bankruptcy had occurred. Nothing contained herein shall preclude or limit the right of the Debtor to contest such default in good faith.

/

## ARTICLE XII
## CONCLUSION

Debtor has given every thought to the complex problems confronting her, and has devised and formulated this Plan. This Plan is respectfully submitted with the hope that its equity and fairness will be considered by all parties in interest, whose consent is necessary to confirm it. It is further hoped that all creditors will join in an affirmative vote for the Plan in order that they, as well as Debtor, will receive the maximum benefits to be derived therefrom. Debtor has not audited the claims or other figures; however, this Plan and the accompanying Disclosure Statement are as accurate as is feasible under the circumstances.

Respectfully submitted this 2nd day of May, 2024,

_____
Lisa Christine Burton

_____/s/ J. Justin May_____
J. Justin May
Attorney for Debtor